IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Jennifer Harshe, Plaintiff, vs. Home Depot U.S.A., Inc., a Deleware corporation, Defendant. | ) | Court File No. 01-1654 DWF/SRN **STIPULATION FOR AMENDED COMPLAINT** |

It is hereby stipulated by the parties hereto, through their respective counsel, that the attached Amended Complaint is agreeable to and accepted by both parties. Said Amended Complaint shall replace the original Complaint, filed on September 5, 2001.

IT IS SO STIPULATED:

DATED this 15 day of March, 2002.

**LORI PETERSON & ASSOCIATES**
By:

Lori Peterson (#212490)
Sheila K. Dokken (#234874)
Attorneys for Plaintiff
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, Minnesota 55402
(612) 321-0606

**HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.**
By:

Donald M. Lewis (#62844)
Bradley J. Betlach (#209806)
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
(612) 338-1838

MAR 18 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

The Court adopts the foregoing Stipulation as its Order and replaces the original filed Complaint with the attached Amended Complaint.

Dated: March 18, 2002

BY THE COURT

Susan Richard Nelson

Susan Richard Nelson
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

Jennifer Harshe,

Plaintiff,

vs.

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

Home Depot U.S.A., Inc.,

Defendant.

---

Plaintiff Jennifer Harshe, for her Complaint against Defendant Home Depot U.S.A., Inc., states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Constitution and the laws of the United States.

2. This is a suit in equity authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity act of 1972 (42 U.S.C. § 2000e et seq.)

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §§ 2000e-5(f) and 28 U.S.C. §§ 1331 and 1343 (4).

4. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

5. Jurisdiction of this Court is also invoked to secure protection and redress deprivation of rights secured by 42 U.S.C. § 2000e et seq., providing for injunctive and other relief against racial, religious, national origin and sex discrimination in employment.

6. The proper venue of this action is in this Court as Plaintiff was working in this State and District at the time of the

illegal treatment.

**ADMINISTRATIVE PROCEDURES**

7. Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f) (3), to wit: On or about August 16, 2001, Plaintiff filed charges of sex discrimination, sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC") satisfying the requirements of 42 U.S.C. §§ 2000e-5(b) and (e).

8. Such charges were filed within the statutorily required timeframe of three hundred (300) days after the alleged unlawful employment practices occurred.

9. The EEOC issued a "Notice of Right to Sue" in this matter, dated November 19, 2001, which was received by Plaintiff's attorney on November 21, 2001.

10. Within the ninety (90) day statutorily prescribed period, Plaintiff comes now and files this Complaint against the above-named Defendant.

**PARTIES**

11. Plaintiff is a 32 year-old female, presently residing in Anoka County, State of Minnesota. She has been employed as a Cashier by Defendant Home Depot U.S.A., Inc. at its Fridley location since approximately 10-27-97.

12. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation doing business at 5650 Main Street in Fridley, Minnesota 55432. Home Depot's agent for service of process is CT Corporation System, Inc. at 405 Second Avenue South in Minneapolis, Minnesota 55401.

13. Also employed by Defendant Home Depot during Plaintiff's employment, are/were District Manager Pete Capel ("Manager Capel"), Store Manager Mike Burton ("Manager Burton"), Area Manager/Operations Robbie Kelley ("Manager Kelley"), Assistant Manager Dennis Anderson ("Manager Anderson"), Manager Bill Johnson ("Manager Johnson"), Head of Paint Department Dee Larson ("Department Head Larson"), (former) Store Manager Mike Strezlecki ("Manager Strezlecki"), Area Manager Roy Grandis ("Manager Grandis"), Front End Supervisor Cina Harbinson ("Supervisor Harbinson"), Front End Supervisor Doug Murphy ("Supervisor Murphy"), Floor/Wall Associate Trevor Clark ("Clark"), Cashier Kristy Carlson ("Carlson"), Human Resources Manager Joel Freese ("Manager Freese"), Sales Associate Veetold Solarz ("Solarz") and others.

**FACTS**

14. Plaintiff received positive performance evaluations, raises and awards, including an award for "outstanding customer service" and other praise during her employment with Defendant. For example, Defendant made the following statements about job performance:

a. "She helps every customer...";

b. "She sets a good example to (sic) the rest of (sic) employees...";

c. "Jenny is great with the customers...";

d. "Jenny did a great job";

e. "Jenny has made the customers her number one priority";

f. "Wow! She looks to grow and better her ability to service the customer";

g. "She has grown a lot in the last six months";

h. "She have (sic) drive and she takes initiative to stay busy";

i. "She is dependable and works her schedule";

j. "She is mature and professional with customers";

k. "GREAT JOB!";

l. "She is organized";

m. "Jenny is always working";

n. "Jenny is a team player...she builds positive relationships";

o. "She always makes the customer number 1";

p. "She is very productive. She has (sic) highest number of customers in the store. WOW!";

q. "Jenny communicates clearly and precisely with others.

She is willing to teach other (sic) what she knows";

r. "Jenny is very mature and respects others. She sets a great example of hard work";

s. "Jenny is willing to work where ever (sic) asked. She helps customers always"; and

t. "Jenny is dependable and works her schedule. She shows up on time. She is focused on alway (sic) being and doing her best!"

15. During Plaintiff's employment with Defendant Home Depot,

she has been subjected to sexual harassment/discrimination and other wrongful conduct including, but not limited to:

a. Solarz made repeated attempts to have a sexual relationship with unwilling female employees;

b. Solarz repeatedly invaded the personal space of female employees to the point that they were left with no option but to back away from him;

c. Solarz badgered female employees for their home telephone numbers and addresses;

d. Solarz telephoned a female employee after midnight, asked if she was in bed and told her she made him feel special;

e. Solarz repeatedly put his hands on female employees in sexually suggestive ways;

f. Solarz repeatedly put his arms around female employees;

g. Solarz repeatedly leered at female employees;

h. Solarz repeatedly stared at female employees' chests;

i. Solarz followed Plaintiff and other female employees;

j. Solarz rubbed Plaintiff's back;

k. Solarz asked Plaintiff if she liked to have her feet rubbed;

l. Solarz massaged Plaintiff's shoulders;

m. Solarz asked Plaintiff personal, sexual questions including about her menstrual cycle and sexual

activities;

n. Female employees attempt to avoid Solarz, but he continues to follow and harass them;

o. Solarz corners female employees; and

p. Solarz takes male employees to Hooters.

16. Plaintiff, and other employees, objected to and complained about sexual misconduct to Defendant Home Depot. For example:

a. Plaintiff and other female employees made verbal and written complaints about Solarz's sexual misconduct;

b. Female employees avoided Solarz's area;

c. Plaintiff requested a transfer to evade Solarz's continuing sexual harassment;

d. Plaintiff was informed Solarz has been the subject of prior sexual harassment complaints and has even had to attend classes for his misconduct;

e. Plaintiff had to be escorted to her car out of fear for her safety due to Solarz's sexual harassment of her;

f. Female employees placed male employees between themselves and Solarz; and

g. A prior manager also was the subject of sexual harassment complaints at this and a prior Home Depot store in Florida.

17. Defendant Home Depot ignored these complaints and subjected complainants to reprisal/retaliation. For example:

a. Management repeatedly and falsely stated Solarz would be fired for sexual harassment if he did it again;

b. After Plaintiff complained about his misconduct, Solarz refused to respond to her work-related requests for information;

c. Management criticized Plaintiff for her complaints including blaming her for the harassment and telling her she should have responded differently to the harassment; and

d. Management discounted Plaintiff's complaints by saying she had no witnesses.

18. Plaintiff suffered illegal interference with her work caused by the offensive and unwelcome comments and conduct of Defendant Home Depot which caused her humiliation, embarrassment and cost her economic benefits.

19. Defendant Home Depot's conduct was egregious, oppressive, and was characterized by recklessness or malice or wantonness.

20. As a direct and proximate result of the above-described acts, Plaintiff has suffered severe emotional, physical and economic damages, including anguish, distress, physical sickness and injury, and other losses exceeding $75,000.00.

**COUNT ONE**

**(Sex Discrimination/Sexual Harassment)**

Plaintiff realleges and incorporates every paragraph of the Complaint.

21. Plaintiff was subjected to unwelcome sexual conduct

directed at her as a woman, on the basis of her sex. These actions constitute differential treatment because of sex.

22. This conduct was hostile, oppressive, severe, pervasive, abusive and intimidating.

23. The hostile environment pervading Defendant Home Depot's workplace altered the terms and conditions of Plaintiff's employment, and resulted in tangible adverse employment action.

24. Defendant Home Depot failed to take prompt, appropriate remedial action in response to the actual and constructive notice of sexual harassment, with the result that the misconduct continued.

25. Defendant Home Depot failed to maintain adequate measures to prevent and correct promptly sexual harassment. Plaintiff reasonably used any complaint procedures available.

26. The named employees' conduct as described herein was within the scope of their employment, and Defendant Home Depot is responsible for it.

27. Defendant Home Depot is responsible and liable as an employer for its actions and for the actions of its management in ignoring, condoning and contributing to the discrimination against Plaintiff.

28. At all relevant times, Plaintiff has been an "employee" and Defendant Home Depot an "employer" under the MHRA (Minn. Stat. § 363.01 subd. 16, 17) and Title VII.

29. Defendant Home Depot knew or should have known about the conduct described herein toward Plaintiff.

30. Defendant Home Depot accepted and ratified the conduct

described herein toward Plaintiff.

31. Plaintiff was subjected to unlawful discrimination and sexual harassment under the MHRA and Title VII.

32. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $75,000.00.

**COUNT TWO**

**(Retaliation/Reprisal)**

Plaintiff realleges and incorporates every paragraph in the Complaint.

33. Plaintiff engaged in protected activity, resisting sexual harassment and discrimination.

34. Defendant Home Depot responded with adverse employment action.

35. Defendant Home Depot's conduct constituted unlawful reprisal under the MHRA, 363.03, subd. 7 and retaliation under Title VII and other pertinent law.

36. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $75,000.00.

**COUNT THREE**

**(Negligent Infliction of Emotional Distress)**

Plaintiff realleges and incorporates every paragraph in the Complaint.

37. Defendant Home Depot had a duty to Plaintiff to allow her to work in a place that does not subject her to a zone of danger or willful invasions of her rights.

38. Defendant Home Depot knew or should have known that Solarz and others described herein were engaging in illegal actions toward Plaintiff.

39. By allowing Solarz and others described herein to continue to engage in sexually harassing and abusive conduct toward Plaintiff, Defendant Home Depot placed Plaintiff in a zone of danger of physical impact and allowed her rights to be invaded willfully.

40. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $75,000.00.

**COUNT FOUR**

**(Negligence)**

Plaintiff realleges and incorporates every paragraph of the Complaint.

41. Defendant Home Depot, as the owner/occupier of the premises where the misconduct occurred, owed Plaintiff the duty to

exercise due care to prevent harm to Plaintiff.

42. Defendant Home Depot, which possessed knowledge of prior and ongoing illegal activity by its management and others described herein on its premises and knowledge of the prior and ongoing failures of one or more of its managers to prevent such illegal conduct, owed a duty to Plaintiff to maintain adequate safety and security and to otherwise make her workplace reasonably safe.

43. Defendant Home Depot was negligent in training, retaining and supervising its management and others described herein.

44. Defendant Home Depot breached its duty to Plaintiff, causing her severe harm.

45. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish, physical sickness, pain and suffering, lost income, lost benefits, and lost earning capacity, past and future, in excess of $75,000.00.

**COUNT FIVE**

**(Title VII)**

Plaintiff realleges and incorporates every paragraph of the Complaint.

46. Defendant's actions as set forth above are in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (42 U.S.C. § 2000e et seq.).

47. These actions altered the terms and conditions of Plaintiff's employment and substantially interfered with

Plaintiff's employment.

48. The actions constitute differential treatment because of sex.

49. Defendant is responsible and liable as an employer for the actions of its employees toward Plaintiff for the following reasons:

a. Defendant knew or should have known about its employees' conduct toward Plaintiff and other female employees. In spite of this knowledge, Defendant failed to take prompt and effective remedial action to prohibit the misconduct of its employees; and

b. Defendant failed to provide any effective method by which the harassment could be remedied, and by such action and inaction authorized and ratified its employees' conduct toward Plaintiff.

50. As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including, but not limited to, emotional distress, physical and mental anguish and pain and suffering, in excess of $75,000.00.

WHEREFORE, Plaintiff prays that she be granted the following relief:

1. A declaratory judgment that the practices complained of herein are unlawful and violative of the MHRA and Title VII.

2. An Order permanently restraining and enjoining Defendant Home Depot from discriminating against Plaintiff, or any other individual, on any basis forbidden by the MHRA and Title VII.

3. An Order requiring Defendant Home Depot to compensate, reimburse and make whole Plaintiff for her losses attributable to Home Depot's conduct including but not limited to, pay, benefits, training, promotions and seniority.

4. An award to compensate Plaintiff for the pain and suffering and for the humiliation caused by Defendant Home Depot's unlawful treatment in the amount in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

5. Punitive Damages will be requested by later motion under the MHRA and Title VII.

6. Actual damages for doctor, hospital and other medical expenses incurred as a result of Defendant Home Depot's liability arising from the misconduct alleged herein.

7. A civil penalty payable to the State of Minnesota.

8. Treble compensatory damages as provided in the MHRA, (Minn. Stat. § 363.071 subd. 2).

9. The Court to award Plaintiff costs, disbursements and expenses of this action, including reasonable attorney's fees as provided in the MHRA and Title VII.

10. The Court to grant such additional equitable and legal relief as is proper and just.

**Plaintiff demands a trial by jury on issues triable to a jury.**

Dated: 3/14/02

**LORI PETERSON & ASSOCIATES**

Lori Peterson, #212490
Sheila Dokken, #234874
Attorneys for Plaintiff
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, Minnesota 55402
(612) 321-0606